
**NOT FOR PUBLICATION**

```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |
|---|---|
| DONALD L. RIFENBERG, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 2005-174 |
| VARLACK VENTURES, INC., | ) ) ) |
| Defendant. | ) ) ) |

**ATTORNEYS:**

**Andrew L. Capdeville, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff.*

**Andrew C. Simpson, Esq.**
St. Thomas, U.S.V.I.
   *For the defendant.*

<u>ORDER</u>

**GÓMEZ, C.J.**

   Before the Court is the motion of the plaintiff Donald L. Rifenberg ("Rifenberg") for partial summary judgment on his negligence action against Varlack Ventures, Incorporated ("Varlack").

   Summary judgment shall be granted only if "the pleadings, depositions, answer to interrogatories, and admissions on file,

*Rifenberg v. Varlack Ventures, Inc.*
Civil No. 2005-174
Order
Page 2

together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if its existence or nonexistence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party has the initial burden of informing the Court of the basis for a motion for summary judgment and pointing out those parts of the record which he or she believes demonstrate an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party carries its burden, the non-moving party "may not rest upon the mere allegations or denials of his or her pleadings, but his or her response must set forth specific facts showing that there is a genuine issue for trial." *Conners v. Fawn Mining Corp.*, 30 F.3d 483, 489 (3d Cir. 1994) (citations omitted). All reasonable inferences are drawn in favor of the non-movant. *Anderson*, 477 U.S. at 255.

The Court finds that Rifenberg has failed to meet his burden of demonstrating the absence of any genuine issue of material fact. Accordingly, it is hereby

*Rifenberg v. Varlack Ventures, Inc.*
Civil No. 2005-174
Order
Page 3

**ORDERED** that Rifenberg's motion for summary judgment is **DENIED;** and it is further

**ORDERED** that Rifenberg's motion to continue the September 19, 2008, hearing on the motion for summary judgment is **DENIED** as moot.

```
                              S_____
                                  Curtis V. Gómez
                                    Chief Judge
```